**Hiraldo P.A.**
Manuel S. Hiraldo, Esq.
Florida Bar No. 030380
401 E. Olas Bldv., Ste. 1400
Fort Lauderdale, FL 33301
mhiraldo@hiraldolaw.com
954.400.4713
*Attorneys for Plaintiff and Proposed Class*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| **Michelle Wheeldon,** individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>v.<br><br>**Drivetime Automotive Group, Inc.,**<br><br>         Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>(JURY TRIAL DEMANDED) |

## CLASS ACTION COMPLAINT

Plaintiff Michelle Wheeldon brings this action against Defendant Drivetime Automotive Group, Inc., to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

1.      This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. (the "TCPA").

2.      Defendant operates as an automotive retailer with approximately 137 locations nationwide.

3.      To promote its business, Defendant sends prerecorded marketing voice messages to the cellular telephones of consumers without consent to do so.

4.     Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of himself and members of the Class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5.     This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

6.     The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

## PARTIES

7.     Plaintiff is a natural person who, at all times relevant to this action, was a resident of the State of Arizona.

8.     Defendant is a Delaware corporation whose principal office is located at 1720 W Rio Salado Parkway, Tempe Arizona 85281. Defendant directs, markets, and provides its business activities throughout the state of Arizona.

9.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

10.     On or about March 12, 2022, March 14, 2022, March 15, 2022, March 18, 2022 and March 21, 2022 Defendant called Plaintiff's cellular telephone number ending in 4191 (the "4191 Number") using prerecorded voice messages.

11.     When Plaintiff listened to the prerecorded message, she was easily able to determine that it was prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

12.     Defendant's prerecorded voice call constitutes telemarketing because the purpose of the message was to encourage Plaintiff to buy from Defendant.

13.     Specifically, the prerecorded message states "hey this is Mackenzie from Drivetime… we have a vehicle selection and programs from you to choose from."

14.     Plaintiff received the prerecorded message from the telephone number 417-450-6740 which upon information and belief is owned and or operated by or on behalf of Defendant.

15.     Upon information and belief, Defendant caused other prerecorded messages to be sent to individuals residing within this judicial circuit.

16.     Plaintiff never gave Defendant her prior express written consent to call her on her cellular telephone utilizing marketing prerecorded voice messages.

17.     Plaintiff is the sole user and/or subscriber of the 4191 Number.

18.     Defendant's prerecorded message calls caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.  Defendant's call also inconvenienced Plaintiff and caused disruption to her daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

19.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

20.     Plaintiff brings this case on behalf of the Class defined as follows:

**All persons within the United States who, within the four years prior to the filing of this Complaint, received a prerecorded voice call on their telephone from Defendant or anyone on Defendant's behalf, promoting and/or advertising Defendant's goods and/or services.**

21.     Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

22.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

23.     Upon information and belief, Defendant has placed prerecorded message calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent.  The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

24.     The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

25.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' telephones using a prerecorded message; [2] Whether Defendant can meet its burden of showing that it had express written consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

26.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

27.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

28.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

29.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

30.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.   For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.   Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

## COUNT I
## Violations of the TCPA, 47 U.S.C. § 227(b) & 47 C.F.R. § 64.1200
### (On Behalf of Plaintiff and Class)

31.     Plaintiff re-alleges and incorporates the foregoing as if fully set forth herein.

32.     It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any …artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

33.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call."  47 C.F.R. § 64.1200(a)(1)(iii).

34.     It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party". 47 C.F.R. § 64.1200(a)(3).

35.     It is a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

36.     Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…"  47 C.F.R. § 64.1200(a)(2).

37.     Defendant used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

38.     Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made and/or failed to honor opt-out requests regarding its prerecorded solicitations.

39.     Defendant has, therefore, violated §§ 227(b) and §§ 64.1200(a) by using an prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

40.     Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

41.     As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

**WHEREFORE**, Plaintiff on behalf of herself and the other members of the Class, prayfor the following relief:

a.   A declaration that Defendant's practices described herein violate the TelephoneConsumer Protection Act, 47 U.S.C. § 227 and § 64.1200;

b.   An order certifying the Class and appointing Plaintiff as Class Representative and his counsel as Class Counsel;

c.   An injunction prohibiting Defendant from using an artificial or prerecorded voice tocontact telephone numbers without the prior express permission of the called party;

d.   An award of actual and statutory damages; and

e.   Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff hereby demand a trial by jury.

**DOCUMENT PRESERVATION DEMAND**

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with Defendant and the calls as alleged herein.

Respectfully submitted,

Dated: May 2022

By: */s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
mhiraldo@hiraldolaw.com
**Hiraldo P.A.**
401 E. Las Olas Blvd., Ste. 1400
Fort Lauderdale, FL 33301
954.400.4713

By: */s/ Ignacio Hiraldo*
Ignacio Hiraldo, Esq.
IJhiraldo@Hiraldolaw.com
**IJH Law**
1200 Brickell Ave.
Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469

*Attorneys for Plaintiff and the Proposed Class*