**HIRALDO P.A.**
Manuel S. Hiraldo, Esq.
(*pro hac vice*)
401 E. Las Olas Blvd., Ste. 1400
Fort Lauderdale, FL 33316
mhiraldo@hiraldolaw.com
954-400-4713
*Attorneys for Plaintiff and Proposed Class*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| **Michelle Wheeldon,** individually and on behalf of all others similarly situated,<br>　　Plaintiff,<br>v.<br><br>**Drivetime Automotive Group, Inc.,**<br>　　Defendant. | Case No. 2:22-cv-00852-GMS<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**[1]<br><br>(JURY TRIAL DEMANDED) |

---

[1] Plaintiff hereby amends her Complaint as a matter of course, thereby mooting Defendant's Motion to Compel Arbitration and Strike Class Allegations, [DE 12]. *See See Grasty v. Colorado Tech. Univ.*, 599 F. App'x 596, 597 (7th Cir. 2015) (concluding that "[m]otions to compel arbitration . . . are brought properly under Federal Rule of Civil Procedure 12(b)(3)"); *Balen v. Holland Am. Line Inc.*, 583 F.3d 647, 652 (9th Cir. 2009) (affirming motion to compel arbitration under Rule 12(b)(3)); *Cancer Ctr. Assocs. for Research and Excellence, Inc. v. Phila. Ins. Cos.*, No. 1:15-CV-00084 LJO MJS, 2015 U.S. Dist. LEXIS 51091, 2015 WL 1766938, at *2 (E.D. Cal. Apr. 17, 2015) ("[C]ourts have held that a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction 'is a procedurally sufficient mechanism to enforce [an] [a]rbitration [p]rovision.'"); *Coup v. Scottsdale Plaza Resort, LLC*, 823 F. Supp. 2d 931, 938 (D. Ariz. 2011) (motion to compel arbitration may be properly brought pursuant to Rule 12(b)(1) or 12(b)(6)); *Cedars-Sinai Med. Ctr. v. Global Excel Mgmt., Inc.*, No. CV 09-3627, 2010 U.S. Dist. LEXIS 139848, 2010 WL 5572079, at *2 (C.D. Cal. Mar. 19, 2010) (citing *Manetti-Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n.4 (9th Cir. 1988)) (treating a motion to compel arbitration as a Rule 12(b)(3) motion). Accordingly, the filing of such a motion permits Plaintiff to amend as a matter of right under Rule 15(a)(1)(B) thereby mooting Defendant's pending Motion to Compel Arbitration, [DE 13]. *See Lemberg v. Lularoe*, No. ED CV 17-02102-AB (SHKx), 2018 U.S. Dist. LEXIS 239291 (C.D. Cal. Mar. 1, 2018) ("Because LLR's Motion to Compel Arbitration is targeted at a previous iteration of the Complaint in this action, LLR's Motion to Compel is denied as moot. Plaintiffs' FAC adds new Plaintiffs and

Plaintiff Michelle Wheeldon brings this action against Defendant Drivetime Automotive Group, Inc. to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**NATURE OF THE ACTION**

1. This is a putative class action under the TCPA.

2. Defendant operates as an automotive retailer with approximately 137 locations nationwide.

3. To promote its business, Defendant sends prerecorded robocalls to consumers without consent to do so.

4. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the Class, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

5. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §§ 227, *et seq*. ("TCPA").

6. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant directs, markets, and provides its business activities to this

---

causes of action, and thus if Defendants seek to compel arbitration, Defendants should file a Motion to Compel Arbitration based upon Plaintiffs' FAC.") (*citing Armendariz v. Ace Cash Express*, No. 3:13-CV-00590-BR, 2013 U.S. Dist. LEXIS 101078, 2013 WL 3791438, at *1 (D. Or. July 19, 2013) (finding that a motion to compel arbitration "suffices as a 'responsive pleading' to Plaintiff's Complaint or as an unenumerated motion under Rule 12(b), and, therefore, Plaintiff was permitted to file a First Amended Complaint pursuant to Rule 15(a)(1)(B) without first obtaining leave of Court or consent of Defendant.").

FIRST AMENDED CLASS ACTION COMPLAINT

2

District, and because Defendant's unauthorized marketing scheme was directed by Defendant to consumers in this District, including Plaintiff.

## PARTIES

7. Plaintiff is a natural person who, at all times relevant to this action, was a citizen and resident of the State of Arizona.

8. Defendant is a Delaware corporation whose principal office is located at 1720 W Rio Salado Parkway, Tempe Arizona 85281. Defendant directs, markets, and provides its business activities throughout the state of Arizona.

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

### Defendant's Website

10. Defendant owns and operates a website located at www.drivetime.com. Defendant has complete control over the design and content of the website.

11. Defendant utilizes the website to harvest consumer telephone numbers which it then utilizes for robocall marketing campaigns.

12. On its website, Defendant uses the following form which, in violation of the TCPA, has a pre-checked consent box stating that visitors to the website who input their information are consenting to receive Defendant's robocalls:




13. This alone is a violation of the TCPA, which requires consumer consent to be voluntary, not coerced. *See* 47 C.F.R. § 64.1200 (f)(9)(i)(B) (stating that consumers are "not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.").

14. As depicted above, Defendant's website also contains hyperlinks to lengthy legal terms, including an arbitration provision buried in the seventeenth page of Defendant's Terms of Use.

15. As depicted above, the language that is supposed to alert consumers to Defendant's lengthy legal provisions is printed in tiny gray font considerably smaller than the font used in the surrounding website elements, and indeed in a font so small that it is barely legible to the naked eye.

16. Moreover, the comparatively larger font used in all of the surrounding text naturally directs a visitor's attention everywhere else, including towards the large "One More Step" button shown above.

17. Further, the text of the "One More Step" button provides no indication that it would bind a visitor clicking on the button to a set of terms and conditions.

18. And the textual notice is further deemphasized by the overall design of the webpage, in which other visual elements draw the user's attention away from the barely readable critical text. For example, the large header at the top of the page:

> Get approved! Know your down payment & monthly payment before you shop.

FIRST AMENDED CLASS ACTION COMPLAINT

5

19. The design and content of Defendant's webpage draw a visitor's attention away from the most important part of the page: an approximately twenty-page document that contains numerous significant legal provisions.

20. In sum, the design and content of Defendant's website does not adequately call attention either the existence of the Terms and Conditions or the fact that, by clicking on the "One More Step" button, visitors were agreeing to be bound by those terms, including an arbitration provisio.

### Defendant's Robocalls to Plaintiff

21. After acquiring Plaintiff's telephone number through its website, Defendant bombarded Plaintiff with robocalls.

22. Specifically, on or about March 12, 2022, March 14, 2022, March 15, 2022, March 18, 2022 and March 21, 2022 Defendant called Plaintiff's cellular telephone number ending in 4191 (the "4191 Number") using prerecorded voice messages.

23. When Plaintiff listened to the prerecorded messages, she was easily able to determine that they were prerecorded. *Rahn v. Bank of Am.*, No. 1:15-CV-4485-ODE-JSA, 2016 U.S. Dist. LEXIS 186171, at *10-11 (N.D. Ga. June 23, 2016) ("When one receives a call, it is a clear-cut fact, easily discernible to any lay person, whether or not the recipient is speaking to a live human being, or is instead being subjected to a prerecorded message.").

24. Defendant's prerecorded voice calls constitute telemarketing because the purpose of the message was to promote and advertise Defendant's services and/or vehicles.

25. Specifically, the prerecorded message states "hey this is Mackenzie from Drivetime… we have a vehicle selection and programs from you to choose from."

26. Plaintiff received the prerecorded calls from the telephone number 417-450-6740, Upon information and belief, the number is owned and or operated by or on behalf of Defendant.

27. Given Defendant's use of generic robocalls, Plaintiff is informed and believes that Defendant caused other prerecorded messages to be sent to individuals residing within this judicial circuit.

28. Plaintiff never gave Defendant her prior express written consent to call her on her cellular telephone utilizing marketing prerecorded voice messages.

29. No person on Plaintiff's behalf provided express written consent because, as depicted above, in violation of the TCPA, the consent box on Defendant's website is prechecked.

30. Plaintiff is the sole user and/or subscriber of the 4191 Number.

31. Defendant's prerecorded message calls caused Plaintiff additional harm, including invasion of privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's call also inconvenienced Plaintiff and caused disruption to her daily life.

## CLASS ALLEGATIONS

### PROPOSED CLASS

32. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

33. Plaintiff brings this case on behalf of the Class defined as follows:

> **All persons within the United States who, within the four years prior to the filing of this Complaint, received a prerecorded voice call regarding Defendant's goods and/or services, whose telephone number Defendant acquired utilizing the same or similar form depicted in paragraph 12 of this First Amended Complaint and where the consent box was prechecked.**

34. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

35. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

### NUMEROSITY

36. Upon information and belief, Defendant has placed prerecorded message calls to telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

37. The exact number and identities of the members of the Class are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

### COMMON QUESTIONS OF LAW AND FACT

38. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are: [1] Whether Defendant made non-emergency calls to Plaintiff and Class members' telephones using a prerecorded message; [2] Whether Defendant can meet its burden of showing that it had express written consent to make such calls; [3] Whether Defendant's conduct was knowing and willful; [4] Whether Defendant is liable for damages, and the amount of such damages; and [5] Whether Defendant should be enjoined from such conduct in the future.

39. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits unsolicited robocalls to consumers, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

40. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

41.  Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

42.  A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

43.  The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

**COUNT I**
**Violations of the TCPA, 47 U.S.C. § 227(b) & 47 C.F.R. § 64.1200**
**(On Behalf of Plaintiff and Class)**

44.  Plaintiff re-alleges and incorporates the foregoing as if fully set forth herein.

45.  It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any

…artificial or prerecorded voice to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

46. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call…using an… artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 C.F.R. § 64.1200(a)(1)(iii).

47. It is a violation of the TCPA regulations promulgated by the FCC to "initiate any telephone call to any residential line using an artificial or prerecorded voice to deliver a message without the prior express written consent of the called party". 47 C.F.R. § 64.1200(a)(3).

48. It is a violation of the TCPA to "initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party…." 47 U.S.C. § 227(b)(1)(B).

49. Additionally, it is a violation of the TCPA regulations promulgated by the FCC to "[i]nitiate, or cause to be initiated, any telephone call that includes or introduces an advertisement or constitutes telemarketing, …artificial or prerecorded voice …other than a call made with the prior express written consent of the called party or the prior express consent of the called party when the call is made…" 47 C.F.R. § 64.1200(a)(2).

50. Defendant used prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and other members of the Class.

51. Defendant did not have prior express written consent to call the telephones of Plaintiff and the other members of the putative Class when its calls were made and/or failed to honor opt-out requests regarding its prerecorded solicitations.

52. More specifically, the consent box on Defendant's website, as depicted above, is prechecked, meaning that no person who Defendant robocalled ever provided voluntary and knowing express written consent.

53. Defendant has, therefore, violated §§ 227(b) and §§ 64.1200(a) by using an prerecorded messages to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the putative Class without their consent.

54. Defendant knew that it did not have consent to make these calls, and knew or should have known that it was using prerecorded messages. The violations were therefore willful or knowing.

55. As a result of Defendant's conduct and pursuant to § 227(b) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the members of the Class are also entitled to an injunction against future calls. *Id*.

**WHEREFORE**, Plaintiff on behalf of herself and the other members of the Class, prayfor the following relief:

    a. A declaration that Defendant's practices described herein violate the TelephoneConsumer Protection Act, 47 U.S.C. § 227 and § 64.1200;

    b. An order certifying the Class and appointing Plaintiff as Class Representative and his counsel as Class Counsel;

    c. An injunction prohibiting Defendant from using an artificial or prerecorded voice tocontact telephone numbers without the prior express permission of the called party;

    d. An award of actual and statutory damages; and

    e. Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff hereby demand a trial by jury.

Dated: July 3, 2022

Respectfully submitted,

**HIRALDO P.A.**

By: */s/ Manuel S. Hiraldo*
Manuel S. Hiraldo, Esq.
(*pro hac vice*)
401 E. Las Olas Blvd., Ste. 1400
Fort Lauderdale, FL 33316
mhiraldo@hiraldolaw.com
954-400-4713

Ignacio Hiraldo, Esq.
(*pro hac vice*)
IJhiraldo@Hiraldolaw.com
**IJH Law**
1200 Brickell Ave.
Suite 1950
Miami, FL 33131
E: IJhiraldo@IJhlaw.com
T: 786-496-4469
*Attorneys for Plaintiff and the Proposed Class*